BETTE FIELD, as Executrix of MONTE MEACHAM, Deceased, et al., Respondents, v. PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of JAMES P. BUYS, Deceased, Appellant. (Action No. 1.)

BARBARA S. PAUL, as Administratrix of the Estate of GEORGE C. PAUL, Deceased, Respondent, v. PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of JAMES P. BUYS, Deceased, Appellant. (Action No. 2.)

First Department, March 15, 1960.

*John P. Carson* of counsel (*Lawless & Lynch,* attorneys), for appellant.

*Jacob D. Fuchsberg* of counsel (*B. Hoffman Miller* with him on the brief; *Max Solorsy,* attorney for respondents in Action No. 1; *Francis N. Pollack,* attorney for respondent in Action No. 2).

McNALLY, J.  Defendant-appellant, as administrator of the goods, chattels and credits of James P. Buys, deceased, appeals in Action No. 1 from a judgment in favor of plaintiff-respondent Bette Field, as executrix under the last will and testament of Monte Meacham, deceased, for personal injuries sustained by Monte Meacham in the sum of $5,000 and for his wrongful death in the sum of $40,545, with interest from the date of the verdicts, and in favor of plaintiff-respondent William S. Meacham, an infant, by his guardian ad litem Bette Field, in the sum of $5,020.83, and in favor of plaintiff-respondent Bette Field, individually, in the sum of $160; and in Action No. 2 from a judgment in favor of plaintiff-respondent Barbara Stanton Paul, as administratrix of the estate of George Curtis Paul, deceased, in the sum of $41,138.25.

The actions grew out of the same set of facts as set forth in the companion action (*Pigott* v. *Field,* 10 A D 2d 99).

The decedents Monte Meacham, George Curtis Paul and James P. Buys died from injuries sustained in the accident. William S. Meacham, the infant son of Monte Meacham, was injured in the accident. The decedent Buys, the operator of the motor vehicle, was a member of the theatrical cast referred to in the companion opinion, as was the decedent Paul.

At the trial of the action, defendant moved to amend his answer to allege a defense predicated upon an award by the Workmen's Compensation Board. Defendant's prior application at Special Term for said relief had been denied and an appeal from said order was withdrawn. A trial court should not ordinarily overrule an order of Special Term in the same action. The trial court was therefore bound by the prior determination and properly denied defendant's said motion. (*Mount Sinai Hosp.* v. *Davis,* 8 A D 2d 361, 362–363.) However, this court is not bound by the determination of Special Term. (*Rufo* v. *Orlando,* 309 N. Y. 345, 352; *Gracie Square Realty Corp.* v. *Choice Realty Corp.,* 305 N. Y. 271, 278.) We are of the opinion that defendant's motion to amend should be granted.

The judgment in favor of William S. Meacham, an infant, by his guardian ad litem Bette Field, and Bette Field, individually, should be affirmed, without costs, and this consolidated action otherwise severed and continued. For the reasons set forth in the companion appeal (*Pigott* v. *Field, supra*) the judgment should be otherwise reversed, on the law and on the facts, and in the exercise of discretion, without costs, and a new trial directed of this consolidated action jointly with the Pigott and Diaz actions. Settle order on notice.

RABIN, J. P., M. M. FRANK, STEVENS and BASTOW, JJ., concur.

Judgment in favor of William S. Meacham, an infant, by his guardian ad litem Bette Field, and Bette Field, individually, unanimously affirmed, without costs, and this consolidated action otherwise severed and continued. For the reasons set forth in the companion appeal (*Pigott* v. *Field,* 10 A D 2d 99), judgment otherwise unanimously reversed, on the law and on the facts, and in the exercise of discretion, without costs, and a new trial directed of this consolidated action jointly with the Pigott and Diaz actions. Settle order.