J. ROY KEATING, Respondent, v. MURIEL SMITH, Appellant.

Second Department, December 23, 1963.

*Casper B. Ughetta* (*Richard D. Smith* of counsel), for appellant.

*Torrisi & Langer* (*George Berger* of counsel), for respondent.

*Per Curiam.*   In the light of the recent enactment of rule 3216 of the Civil Practice Law and Rules, we deem it advisable to direct attention to our present requirements with respect to motions to dismiss a complaint for unreasonable neglect in the prosecution of an action.

On such a motion the plaintiff is required to show: (1) a reasonable excuse or justification for the delay; and (2) that the cause of action has merit.   A mere recital of the conclusory allegations of the complaint or the unsupported conclusion that merit exists will not suffice.   Neither will an affidavit of merits, which is made by an attorney who has no personal knowledge of

the facts, meet this requirement. Statements under oath of an *evidentiary nature* must be presented from which a determination may be made: (1) as to whether the proffered excuse is valid, and (2) as to whether evidence exists to support the allegations of the complaint. Every party who invokes the processes of the court has the duty to go forward with reasonable dispatch. When he fails to do so, the burden falls upon him not only to explain the delay but also to establish by sworn proof the soundness of his cause of action.

The plaintiff here has failed to meet these requirements. Accordingly, the order should be reversed, without costs; the motion to dismiss should be granted unconditionally; and the complaint dismissed, without prejudice, however, to an application by plaintiff at Special Term, upon proper papers, to vacate the order of dismissal, if the plaintiff be so advised.

KLEINFELD, Acting P. J., CHRIST, BRENNAN, HILL and HOPKINS, JJ., concur.

Order reversed, without costs; motion to dismiss granted unconditionally; and complaint dismissed, without prejudice to an application by plaintiff at Special Term, upon proper papers, to vacate the order of dismissal, if the plaintiff be so advised.