■ NATIONWIDE CARPETS, INC., Respondent, v. LENETT PUBLICATIONS, INC., Appellant.— Order entered on June 5, 1967, denying defendant's motion to dismiss the first and fourth causes of action in the amended complaint, unanimously modified, on the law, to the extent of dismissing the fourth cause of action and otherwise affirmed, without costs and without disbursements. Plaintiff may not, in its fourth cause of action, combine the three articles published by defendant, which form the bases of the first three causes of action sounding in libel, and seek to recover on the theory of prima facie tort. Where, as appears from the amended complaint, reliance is placed on specific tortious acts, the remedy is not in prima facie tort. (*Ruza* v. *Ruza,* 286 App. Div. 767, 769.) "A cause of action based on an alleged prima facie tort is insufficient when its basic allegations constitute grounds for a cause of action based on a 'traditional tort' such as libel." (*Holt* v. *Columbia Broadcasting System,* 22 A D 2d 791, 792.) Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Nunez, JJ.

■ In the Matter of IRVING DANSKER. In the Matter of BERT J. SAPOT.— Applications for reinstatement to the Bar denied. Concur — Stevens, P. J., Tilzer, McGivern, Nunez and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. MARCELINO R. GONZALEZ. — Motion for leave to appeal as a poor person denied, and the appeal dismissed *sua sponte* as no appeal lies from an order denying resentence (Code Crim. Pro., § 517). Concur — Stevens, P. J., Eager, Capozzoli, Tilzer and McGivern, JJ.

■ MARCIA E. ROSENBERG v. FREDERICK H. ROSENBERG.— Motion granted to the extent of staying that portion of the judgment which awarded $19,000 to plaintiff wife, and the amount to be paid is reduced to $250 per week pending appeal; and the award for counsel fees stayed. The stay in all respects is conditioned upon defendant perfecting his appeal for the May 1969 Term of this court. Defendant is required to post a bond in the amount of $6,000 when this cause is noticed to insure payment in the event the judgment is affirmed. Concur — Eager, J. P., McGivern, Markewich and McNally, JJ.