■ COSTOS MINIOTIS, Respondent, v. DUGAN BROS., a DIVISION OF NORAMCO, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County, dated June 29, 1972, which denied its motion to dismiss the complaint for lack of prosecution, pursuant to CPLR 3216. Order reversed, without costs, motion granted and complaint dismissed, without costs, all without prejudice to a motion by plaintiff to vacate the dismissal of the complaint on facts not disclosed in this record, as indicated hereinbelow. The proffered explanation by plaintiff's attorney, that in the course of moving his office his file of this case was misplaced, is insufficient to excuse the 71-month delay in the prosecution of the action (*Fishbein* v. *Hertz Corp.*, 20 A D 2d 708). The inadequacy of this excuse for the delay, combined with the failure to submit an affidavit of merits, entitled defendant to a dismissal of the complaint (*Keating* v. *Smith*, 20 A D 2d 141). However, there appear to be facts, not developed in the instant record, which may warrant reconsideration of plaintiff's situation, when properly presented. Rabin, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISAAC BLOWE, JR., Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 22, 1971, convicting him of manslaughter in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, in the exercise of discretion and the interests of justice, and new trial ordered. Defendant was indicted for the crimes of intentional murder, felony murder, robbery in the first degree, grand larceny in the third degree and assault in the second degree, all arising out of an incident in a Brooklyn park on June 6, 1970. The prosecution alleged that defendant had attacked and robbed three young men, stabbing one of them to death, after they rebuffed his offer to sell them heroin. Defendant, however, claimed that he had acted in self-defense when attacked by three young men demanding drugs. He was convicted, after a jury trial, of manslaughter in the first degree and assault in the second degree. In our opinion, the conviction must be reversed in the interests of justice and a new trial had for the failure of the trial court to submit the crimes of manslaughter in the second degree and assault in the third degree to the jury. On the evidence before it, the jury might well have concluded that defendant was reckless in his use of the knife (*People* v. *Asan*, 22 N Y 2d 526; *People* v. *Kelly*, 12 N Y 2d 248; Code Crim. Pro., § 527 [now CPL 470.15, subd. 6, par. (a)]). Rabin, P. J., Hopkins, Munder and Shapiro, JJ., concur; Martuscello, J., dissents and votes to affirm.