■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BROWN, Also Known as WESLEY KELLAM, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 24, 1972, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed (CPL 470.05, subd. 1). In this case we deplore the comments, made by the prosecutor in summation, that he would not countenance false testimony by a People's witness. In effect, he was skirting the borderline of the cases interdicting the practice of a prosecutor making himself an unsworn witness and supporting his case by his own veracity and position. We also look with disfavor upon an attempt to prove another crime, which the Trial Judge excluded. In view of the lack of exception or request to charge with respect to this incident, and the overwhelming proof of defendant's guilt, we affirm the judgment, but note that overzealousness of this kind may well invalidate convictions in other cases (see, also, *People* v. *Blackman,* 43 A D 2d 742, decided herewith). Latham, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELIA L. CAPUTO, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed June 28, 1973. Sentence affirmed. No opinion. The case is remitted to the County Court, Nassau County, for proceedings to direct defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Rabin, P. J., Munder, Martuscello, Latham and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUAN CONTRERAS, Appellant.— Judgment of the Supreme Court, Kings County, rendered May 26, 1972, affirmed. No opinion. The notice of appeal is hereby amended to show that the correct date of the judgment is May 26, 1972 (CPL 460.10, subd. 6). Rabin, P. J., Munder, Martuscello, Latham and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD DORE and JAMES LARKIN, Appellants.— Each of the two defendants appeals, as limited by their brief, from a separate sentence of the Supreme Court, Queens County, both rendered February 23, 1973, imposing a jail term of one year upon him, on a conviction of unauthorized use of a vehicle, a class A misdemeanor (Penal Law, § 165.05), upon a guilty plea. Sentences affirmed. No opinion. The case is remitted to the Criminal Term for proceedings to require defendants to surrender themselves to said court in order that execution of the judgments be commenced or resumed (CPL 460.50, subd. 5). Latham, Acting P. J., Gulotta, Christ and Benjamin, JJ., concur; Shapiro, J., dissents and votes to modify the sentences to change each to a term of three years' probation, with the following memorandum: It seems apparent that both appellants are hard-working men, one with three children and the other with six children. Neither has a prior record and doubtlessly, both have learned a lesson. Moreover, while disclaiming that he was influenced thereby, the Sentencing Justice had received information from the Police Department that appellants were involved " in a car ring " and were under investigation for theft of 16 automobiles, as to which no accusation had been formally made. Under the circumstances, I would change each jail term to a term of three years' probation as allowed by statute (Penal Law, § 65.00, subd. 3, par. [b]), which, in this case, will effectually serve the purpose of proper punishment.