■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GASTON JONES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 11, 1973, convicting him of robbery in the first degree, grand larceny in the second degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered on all counts of the indictment as found by the Grand Jury. Defendant was indicted on four counts, namely, (1) robbery in the first degree, (2) grand larceny in the second degree, (3) unauthorized use of a vehicle and (4) criminal possession of stolen property in the first degree. The indictment and conviction arose out of the theft of a liquor delivery truck and its contents on December 18, 1970. The truck's driver, Iacovelli, testified that he and his helper, while stopped at a red light, were held up by two armed gunmen. They were told to park, turn the engine off, leave the ignition key in place and put the key to the rear doors of the truck on the floor. The four men then walked several blocks to the basement of a building, where the two armed men apparently planned to detain the truckers. However, the janitor of the building appeared and the two armed men fled. The police were immediately called. Shortly thereafter two policemen responding to a radio call discovered the truck, with its engine running, at the spot where it had been parked. They found defendant and one Overton, unarmed, in it. The contents of the truck had not be disturbed. Overton was indicted, but died prior to trial. One police officer testified that he approached the truck from the driver's side and observed Overton sliding over to the passenger side of the truck. He grabbed Overton as he exited from the truck. The other police officer testified that he approached the truck from the passenger side. Defendant exited from the truck and tried to run from the scene, but was apprehended. Defendant and Overton were arrested and informed of their constitutional rights. Over objection, the prosecution elicited from one of the officers that neither of them had a conversation with defendant at the time of the arrest. Defendant testified that as he walked from a nearby subway station and turned a corner a police officer, with his gun drawn, ran out from behind a truck, placed him against a wall and arrested him. In its charge the court instructed the jury as to the principle of recent and exclusive possession of the fruits of a crime. The jury found defendant guilty as charged in the indictment. Defendant moved, inter alia, to set aside the verdict on the ground that the guilty verdict, as to robbery and grand larceny on the one hand and criminal possession of

stolen property on the other, was inconsistent. The court thereupon dismissed the count of criminal possession of stolen property, apparently under the mandate of subdivision 2 of section 165.60 of the Penal Law. In our opinion, the trial court committed several errors which require reversal of the judgment of conviction. At the beginning of the trial, defense counsel sought a ruling from the court precluding the prosecution from cross-examining defendant about a 1963 grand larceny conviction, on the ground that its probative value as to defendant's credibility would be outweighed by its prejudicial effect. The prosecutor, in response, advised the court that evidence of the 1963 conviction and another prior arrest would be used to show defendant's " character, nature and proclivities ". The court denied defendant's motion. During defendant's direct testimony his counsel elicited the fact of his prior grand larceny conviction. On cross-examination the prosecutor inquired into defendant's criminal record and asked questions of a nature and in a manner to suggest to the jury that defendant had a propensity to act in concert with others to steal motor vehicles by force. This was reversible error and should not have been permitted (*People* v. *Sandoval,* 34 N Y 2d 371; *People* v. *Fiore,* 34 N Y 2d 81, 85). Additionally, the prosecutor waved defendant's " yellow sheet " in front of the jury and had to be admonished by the trial court to stop such behavior, which sort of behavior has been proscribed by this court (*People* v. *Blackman,* 43 A D 2d 742). Reversible error was also committed by the trial court in (1) allowing the prosecutor to elicit from one of the police officers, over defense objection, that defendant made no statement after he was advised of his rights (*People* v. *Christman,* 23 N Y 2d 429, 433; *People* v. *Felcone,* 43 A D 2d 976, 977}; (2) allowing the prosecutor to express his personal belief, at various times during trial, that defendant was guilty of the crimes charged (*People* v. *Petrucelli,* 44 A D 2d 58; *People* v. *Brown,* 43 A D 2d 743); and (3) failing to properly marshal the evidence. Since the trial court's dismissal of the count of criminal possession of stolen property was not an acquittal on that count, the new trial ordered herein may properly encompass all of the counts of the indictment as found by the Grand Jury (CPL 470.55). Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.