■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIUS AUGUSTUS TAI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 29, 1972, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Martuscello, Latham and Munder, JJ., concur; Hopkins, Acting P. J., and Brennan, J., dissent and vote to reverse and order a new trial, with the following memorandum: Defendant, upon the trial of the indictment herein charging him with murder, testified that after he chastised the victim, who was his girlfriend and business associate, for improperly taking mail not addressed to her (but to her landlord) she became angry and assaulted him with a knife. In the ensuing struggle, she sustained the stab wounds that resulted in her death. The trial court refused to charge the jury as to the crime of manslaughter in the second degree (Penal Law, § 125.15) as a lesser included offense. This was error. Where any view of the facts would permit a jury to find a defendant

guilty of a lesser crime, the Trial Judge must submit such crime to the jury *(People v Asan,* 22 NY2d 526, 529–530; *People v Blowe,* 40 AD2d 982). Furthermore, the prosecutor, in summation, stated, "How did she die? Maybe it was self-defense, maybe it was accident, I don't know. Who knows, do you know? I know he killed her, he knows it, Doriene knows it, but Doriene is dead." The prosecutor next referred to a stab wound in the deceased's back, saying, "I know how it got there. He put it there." A prosecutor may not support his case by his own veracity and position *(People v Jones,* 47 AD2d 761; cf. *People v Brown,* 43 AD2d 743).