Order unanimously affirmed, without costs. Memorandum: Despite the delay in seeking to amend the complaint, Special Term did not abuse its discretion in granting the application. Plaintiff states a reasonable ground for the amendment. In the amended complaint the same basic facts are alleged as are contained in the original complaint, and defendant does not show that it will be prejudiced thereby. (Appeal from order of Onondaga Supreme Court —amend complaint.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.

■    JOHN W. CLARK, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: We agree with appellant that the amended complaint does not fully comply with the prior order, from which no appeal was taken, dismissing the complaint and authorizing service of an amended complaint. Although the principle of "the law of the case" binds Judges of co-ordinate jurisdiction, including the Judge who made the order, it does not bind appellate courts *(Field v Public Administrator of County of N. Y.,* 10 AD2d 97; see 1 Carmody-Wait 2d, NY Civ Prac, § 2:64). We, therefore, consider the amended complaint on its merits. A cause of action in negligence is not stated, because plaintiff does not plead facts imposing a duty on defendant to disclose the existence of the false affidavit, and plaintiff seeks damages which are not recoverable in a negligence action. Although plaintiff has stated a cause of action in defamation *(Triggs v Sun Print. & Pub. Assn.,* 179 NY 144; *Fulton v Ingalls,* 165 App Div 323, affd 214 NY 665; 35 NY Jur, Libel and Slander, § 174), and also one for injurious falsehood, with allegations of special damages for counsel fees and litigation expenses *(Penn-Ohio Steel Corp. v Allis-Chalmers Mfg. Co.,* 7 AD2d 441, 444; *Feilis v Greenberg,* 51 Misc 2d 441; and Restatement, Torts, § 873), these causes of action are barred by the one-year Statute of Limitations (CPLR 215, subd 3; *Morrison v National Broadcasting Co.,* 19 NY2d 453, 459), since the statement was signed on March 28, 1969 and this action was not begun until September 3, 1970. The republication of the statement by another within the one-year period did not save the cause of action in defamation against defendant on the original publication *(Macy v New York World-Tel. Corp.,* 2 NY2d 416, 422; 2 NY PJI 696–697). Moreover, failure of defendant to advise plaintiff of the cause of action did not amount to a concealment so as to estop defendant from pleading the Statute of Limitations (see McLaughlin Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 201, C201:6, pp 59–60; cf. *General Stencils v Chiappa,* 18 NY2d 125). We find no cause of action stated in prima facie tort, because the acts complained of give rise to another cause of action in tort *(Nationwide Carpets v Lenett Pub.,* 31 AD2d 911). Nor is a cause of action stated for intentional infliction of mental distress, for the allegations that defendant's employee swore to a false affidavit and failed to disclose its falsity to plaintiffs do not state facts sufficiently shocking or outrageous as to set forth a cause of action for intentional infliction of mental distress (see *Nader v General Motors Corp.,* 25 NY2d 560; *Callarama v Associates Discount Corp. of Delaware,* 69 Misc 2d 287; 2 NY PJI 617–619). Since plaintiff has failed to state any valid cause of action that is not barred by the Statute of Limitations, Special Term erred in denying the motion to dismiss the complaint. (Appeal from order of Oneida Supreme Court—dismiss complaint.) Present—Simons, J. P., Mahoney, Dillon and Witmer, JJ.

■    IRVING L. BLOOM, Respondent, v SHONA BLOOM, Appellant.—Order unanimously affirmed, without costs. Memorandum: Defendant wife appeals

from an order which struck her affirmative defense of adultery in this divorce action based upon cruel and inhuman treatment, denied her motion to dismiss the complaint because plaintiff husband refused to answer certain questions during an examination before trial about his relationship with another woman, and ordered the case to trial. Under the present divorce statute there is no recriminatory defense in a divorce action based upon cruel and inhuman treatment (see *Mante v Mante,* 34 AD2d 134), and the court properly dismissed the wife's affirmative defense. However, defendant may show that misconduct by plaintiff (the lure and attraction of another woman is a classic example) was the cause of his leaving defendant wife rather than the alleged cruel and inhuman treatment of the wife (see *Walden v Walden,* 41 AD2d 664). To that extent the information is material and necessary to the defense of the action (CPLR 3126). In this case the husband freely answered most of the relevant questions about his relationship with the "other woman" until he was asked several times the ultimate question of whether he and his paramour had engaged in sexual relations. He declined to answer on the ground of self incrimination. Since the wife's defense is based upon the premise that the husband's relationship with this woman caused him to leave home and adultery is not an affirmative defense, proof of actual sexual intercourse is irrelevant. The defense need only elicit the details of the husband's conduct, sufficient to permit the trier of the facts to draw the necessary inferences in the wife's favor on the issue of cruelty. In short, both defendant's proper need for disclosure and the plaintiff's constitutional right against self incrimination may be accommodated without prejudicing the defense. The husband's refusal to answer questions asking only if he had a "romantic relationship" with the woman was not well founded. We see no point however in delaying the matter for a further examination. Upon the trial he may be asked questions concerning his love and affection for this woman and his relationship with her, insofar as it reflects upon his cause for leaving defendant, but plaintiff may invoke · his right against self incrimination without penalty with respect to questions concerning the act of adultery. This case has been pending for some time. The pleadings, bills of particulars and examinations before trial are complete, and Special Term was eminently correct in ordering a prompt trial. (Appeal from order of Oneida Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.