■ GLORIA M. FLORIA et al., Respondents, v ALBERT W. COOK, Defendant, and LONG ISLAND COLLEGE HOSPITAL, Appellant.—In an action to recover damages for medical malpractice, etc., defendant Long Island College Hospital appeals from an order of the Supreme Court, Kings County, dated February 25, 1977, which (1) granted plaintiffs' motion to vacate their default on appellant's motion to dismiss the action for failure to serve a complaint after receiving a demand therefor and (2) denied appellant's motion to dismiss the action. Order reversed, on the law, with $50 costs and disbursements, plaintiffs' motion denied and dismissal order dated September 29, 1976 reinstated. The record before us is barren of any evidentiary facts which would indicate that the plaintiffs have a meritorious cause of action. A conclusory affidavit offered by the injured patient to the effect that she has a meritorious claim is not a sufficient affidavit of merits (see *Scotto v Montemarano,* 50 AD2d 916; *Delia v Ramapo Gen. Hosp.,* 47 AD2d 522; *Keating v Smith,* 20 AD2d 141). Nor was the claim that the law office was understaffed during the summer months a sufficient explanation for the delay in serving the complaint (see *Lee v City School Dist. of City of White Plains,* 57 AD2d 566; *Goldberg v Soifer,* 30 AD2d 533). Furthermore, we note that the hospital records indicate that the female plaintiff's operation took place in 1966, at which time she was not a minor; nor does she allege that she was adjudicated an incompetent. It was therefore an abuse of discretion for Special Term to vacate the order of dismissal, regardless of whether

appellant was prejudiced in its ability to present a defense on the merits. Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.