■ CLAIRE M. WING, Respondent, v SAMIR CHAMMAS et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County, dated December 19, 1979, which, upon defendants' motion to dismiss the complaint pursuant to CPLR 3216 for want of prosecution, granted plaintiff 45 days to file a note of issue. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. Plaintiff commenced this action on September 25, 1976 and issue was joined on December 10, 1976 by service of an answer by defendant Samir Chammas and on March 9, 1977 by service of an answer by defendant Ada Chammas. Subsequently, on June 25, 1979, defendants served a notice on plaintiff's attorney pursuant to CPLR 3216, demanding that plaintiff file a note

of issue within 90 days. When plaintiff did not serve and file the note of issue, defendants moved to dismiss the complaint by notice of motion dated October 19, 1979. Although plaintiff did not submit any opposition papers, Special Term denied defendants' motion based on plaintiff's counsels oral argument and entered an order granting plaintiff 45 days to place the action on the Trial Calendar. To defeat a CPLR 3216 motion, plaintiff has the burden to demonstrate a reasonable excuse for the delay and that the cause of action has merit *(Keating v Smith,* 20 AD2d 141). Counsel's oral opposition on the motion is insufficient to show merit or excuse for the delay since it is not in evidentiary form. To facilitate proper appellate review and to afford fairness to all parties, opposition papers, including an affidavit of merit by a party, should be submitted on all motions made pursuant to CPLR 3216. The record before this court consists only of the moving papers, which set forth a failure of the plaintiff to comply with CPLR 3216. Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.