■ DAVID ISAACSON, Respondent-Appellant, v MARCIA ISAACSON, Appellant-Respondent. — In a consolidated action for divorce and to impress a trust upon the proceeds of a joint bank account, the parties cross-appeal, as limited by their briefs, from stated portions of a judgment of the Supreme Court, Rockland County, dated May 22, 1980, which, *inter alia,* awarded the defendant wife alimony of $100 per week and a counsel fee of $2,500. Judgment modified, on the facts, by increasing the alimony award to $200 per week and by reducing the counsel fee award to $1,500. As so modified, judgment affirmed insofar as appealed from, with costs to the defendant. The alimony award was inadequate and the counsel fee award was excessive to the extent indicated herein. Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.

■ LAURENCE A. LONG, as Administrator of the Estate of GERALDINE C. LONG, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. — In a wrongful death action, the defendant New York City Health and Hospitals Corporation appeals, on the ground of excessiveness, from a judgment of the Supreme Court, Kings County, entered February 21, 1980, which awarded plaintiff damages in the principal sum of $500,000. Judgment reversed, on the law, without costs or disbursements and new trial granted limited to the issue of damages alone, unless, within 30 days after service upon plaintiff of a copy of the order to be made hereon with notice of entry, plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict to the principal sum of $325,000, and the entry of an amended judgment in accordance therewith, in which event the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The appellant raises only the question of damages. The jury awarded damages apportioned as follows: loss of consortium, $50,000; loss of services, $100,000; loss of financial support, $100,000; loss of inheritance, $100,000; loss of intellectual, moral and physical training, guidance and assistance, $150,000, making in all the sum of $500,000. The recovery for loss of consortium must be deleted (see *Liff v Schildkrout,* 49 NY2d 622, 633-634). In addition, the award is excessive in other respects. The decedent died in 1972 at the age of 20, leaving the plaintiff husband, and a newly born infant. She was not working at the time of death, but had worked as a telephone operator. Her salary, if she had continued her employment, would have been $119.50 weekly at the time of death. Under all the circumstances, we find the award excessive for loss of inheritance and loss of intellectual, moral and physical training, guidance and assistance to the extent of $50,000 and $75,000, respectively. Hence, the total recovery should be reduced to $325,000, with interest. Hopkins, J.P., Mangano, Rabin and Weinstein, JJ., concur.

■ MEDFORD PRE-CAST LTD., Appellant, v HARTFORD FIRE INSURANCE COMPANY et al., Respondents. — In an action to recover on two fire insurance policies, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated July 7, 1980, which granted defendants' motion pursuant to CPLR 3216 to dismiss the action for failure to prosecute. Order affirmed, with $50 costs and disbursements. Plaintiff has failed to establish a reasonable excuse for the delay in prosecution and the legal merit of its action (see *Keating v Smith,* 20 AD2d 141). Hopkins, J.P., Titone, Gibbons and Cohalan, JJ., concur.