# (February 16, 1982)

■ JOYCE BARRY, as Administratrix of the Estate of LEONARD BARRY, Also Known as LEONARD BLASHE, Deceased, Respondent, v GOOD SAMARITAN HOSPITAL et al., Defendants, and ELIAS N. TSOUKAS, Appellant. — In an action based upon the theories of wrongful death and medical malpractice, defendant Tsoukas appeals from an order of the Supreme Court, Rockland County (Daronco, J.), entered July 29, 1980, which, after incorrectly denominating plaintiff's motion for reargument one for renewal, granted said motion and vacated a prior order dismissing the complaint for want of prosecution. Order modified, on the law, by deleting the words "though denominated a motion to reargue is a motion to renew", and, further, by deleting the provision following the word "granted" and substituting for the second deletion the following: "and the court adheres to its original determination." As so modified, order affirmed, without costs or disbursements. The instant motion was not one for renewal. An application for leave to renew must be based upon *additional material facts which existed at the time the prior motion was made,* and were not made known to the court. (See *Foley v Roche,* 68 AD2d 558, 568; *Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684.) Instead, it was a motion for reargument, which is "addressed to the discretion of the court [and] is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law." (*Foley v Roche, supra,* p 567; see *Delcrete Corp. v Kling,* 67 AD2d 1099, 1100.) On the instant motion, no new material evidence was presented. The court was merely asked to reconsider its prior order granting defendant Tsoukas' motion to dismiss the complaint in light of a contrary decision by another Judge of co-ordinate jurisdiction on reargument of a codefendant's similar, if not identical, motion. The instant motion, therefore, was properly one for reargument. Although we do not believe that Special Term abused its discretion in granting reargument, we are convinced that its prior determination dismissing the complaint was correct on the merits. Pursuant to CPLR 3216 (subd [e]), plaintiff, not having timely filed a note of issue, was required to present the court with a sufficient excuse for her delay and an affidavit showing the merit of her action. (See *Keating v Smith,* 20 AD2d 141; see, also, *Raccasi v Kaye,* 81 AD2d 661; *Floria v Cook,* 59 AD2d 771; *Mangum v Marson Constr. Corp.,* 57 AD2d 587.) As an excuse for her delay in

prosecuting this action, in which issue was joined in 1974, and all discovery was complete in 1978, plaintiff stated that her expert medical witness had died and that she had been unable to obtain another. Nonetheless, plaintiff never stated when the expert had died, nor did she adequately explain the extent of her efforts to obtain another. Without these details, her excuse was vague and meaningless, and did not meet the standard of sufficiency contemplated by *Keating v Smith* (*supra*). Plaintiff's affidavit of merits is equally insufficient. It fails to present evidentiary facts supporting allegations of negligence, nor does it point to the existence or availability of such facts. (*Sortino v Fisher,* 20 AD2d 25, 31-32.) Moreover a letter written by plaintiff's deceased expert, allegedly reporting on his evaluation of the medical and hospital records of plaintiff's decedent, is not in affidavit (General Construction Law, § 36; CPLR 2101; see *People ex rel. Kenyon v Sutherland,* 81 NY 1, 6), nor affirmation (CPLR 2106), form, and cannot now be corrected or amended (CPLR 2001, 2101, subd [f]). Finally, an issue has been raised as to the doctrine of law of the case. It has been argued that, by reason of this doctrine, the instant reargument motion of defendant Tsoukas' motion to dismiss had to be decided in conformity with the decision of another Judge at Special Term on a reargument of a codefendant's similar motion. Even if the doctrine of law of the case would have been applicable at Special Term, a question we do not reach, it has no applicability to this appellate court. (*Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069; see *Field v Public Administrator of County of N. Y.,* 10 AD2d 97; 1 Carmody-Wait 2d, NY Prac, § 2:64, p 78.) Therefore, this court was not precluded from considering the order appealed from on its merits. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.