■ VERSATILE FURNITURE PRODUCTS, INC., Appellant, v 32-8 MAUJER REALTY, INC., et al., Respondents. — In an action to recover damages for injury to property, plaintiff appeals from an order of the Supreme Court, Kings County (Adler, J.), dated March 10, 1982, which, in effect, denied its motion for an extension of time to file a note of issue, and granted defendants' motions to dismiss the complaint for want of prosecution. Order affirmed, with costs to respondent 32-8 Maujer Realty, Inc. Special Term properly granted defendants' motions to dismiss since plaintiff failed to show a justifiable excuse for the delay and a meritorious cause of action (see *Keating v Smith,* 20 AD2d 141). There was a period of 34 months of complete inactivity between joinder of issue and defendants' notices to proceed pursuant to CPLR 3216. The subsequent illness of plaintiff's witness on the adjourned date for examinations before trial and misplacing of the file by plaintiff's attorneys do not constitute justifiable excuses for failure to file a note of issue within 90 days of those notices (see *Gohery v Spartan Concrete Corp.,* 56 NY2d 785; *Miniotis v Dugan Bros.,* 40 AD2d 982; cf. *Matter of Juanita R.,* 81 AD2d 672). Also, plaintiff failed to submit an affidavit of merit in opposition to the motions to dismiss. Special Term did not, therefore, err in granting defendants' motions (*Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685; *Canter v Muinick,* 60 NY2d 689; *Wing v Chammas,* 78 AD2d 887; *Keating v Smith, supra*). Nor did Special Term abuse its discretion by, in effect, denying plaintiff's motion under CPLR 2004 for an extension of the 90-day period within which it was required to resume prosecution of the action (see *Powell v Schoellkopf,* 197 App Div 471; cf. *Nappi v St. Johns Cemetery,* 73 AD2d 687). Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.