■ DUBL-KLEEN CHEMICAL CORPORATION, Respondent, v RALPH MARAZZO, Appellant. — In an action, *inter alia,* to compel defendant to return certain customer files he had removed from the plaintiff corporation, defendant appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated March 8, 1983, which denied his motion to dismiss the complaint for want of prosecution, for judgment on his counterclaim, for the appointment of a receiver of the affairs of the plaintiff corporation and for authorization for the receiver to retain an accountant to audit plaintiff's books. Order modified, on the law and in the exercise of discretion, so as to grant that branch of defendant's motion which sought dismissal of plaintiff's complaint. As so modified, order affirmed, without costs or disbursements. Despite being directed by court order to place this matter on the Trial Calendar and in spite of defendant's having served a 90-day notice pursuant to CPLR 3216, plaintiff failed to file a note of issue until after the instant motion, *inter alia,* to dismiss was made. The filing of the note of issue occurred more than five years after joinder of issue, and approximately 19 months after defendant served the 90-day notice pursuant to CPLR 3216. It is fundamental that upon a defendant's motion to dismiss for want of prosecution, the plaintiff is required to demonstrate (1) a justifiable excuse for the delay, and (2) a good and meritorious cause of action (CPLR 3216, subd [e]; *Steiner v East Ramapo Cent. School Dist.,* 88 AD2d 594). Plaintiff proffered no excuse to explain the lengthy period of inactivity from the time discovery was completed until the time defendant's motion, *inter alia,* to dismiss was made. Nor do the affidavits submitted on behalf of plaintiff in opposition to defendant's motion set forth the merits of its action sufficiently to satisfy CPLR 3216. Accordingly, that branch of defendant's motion which sought dismissal of plaintiff's complaint for want of prosecution should have been granted (see *Versatile Furniture Prods. v 32-8 Maujer Realty,* 97 AD2d 463; cf. *Miskiewicz v Hartley Rest. Corp.,* 95 AD2d 826). Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.