■ F & G HEATING COMPANY, INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (I.S. 227 P & D), Respondent. — In an action to recover damages for breach of a construction contract, plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Goldstein, J.), dated March 4, 1983, which granted the defendant board of education's cross motion for partial summary judgment dismissing plaintiff's claim for delay damages in the amount of $277,664.45 and (2) an order of the same court, dated July 21, 1983, which denied plaintiff's motion, which was, in effect, to reargue defendant's cross motion for partial summary judgment. ¶ Order and judgment dated March 4, 1983, affirmed. ¶ Appeal from the order dated July 21, 1983, dismissed. ¶ The respondent is awarded one bill of costs. ¶ The plaintiff's motion which resulted in the order dated July 21, 1983 was labeled as one "to renew and reargue". A motion for reargument is "addressed to the discretion of the court [and] is designed to afford a party an opportunity to establish that the court overlooked or miscomprehended the relevant facts, or misapplied any controlling principle of law" (*Foley v Roche,* 68 AD2d 558, 567; *Barry v Good Samaritan Hosp.,* 86 AD2d 853). A motion to renew is based upon additional material facts which existed at the time the prior motion was made but which were not made known to the court (*Barry v Good Samaritan Hosp., supra; Foley v Roche, supra,* p 568). An examination of the affidavit in support of the instant motion to renew and reargue indicates that it was not based on new facts, but rather on new legal arguments, and was therefore essentially a motion for reargument (*Matter of State Farm Mut. Auto. Ins. Co. v Wernick,* 90 AD2d 519). Since no appeal lies from an order denying a motion to reargue (*Frankel v Frankel,* 67 AD2d 719; *Weber v Cassius,* 46 AD2d 976; *Matter of Samson v County of Nassau,* 78 AD2d 657), the appeal from the order

dated July 21, 1983 must be dismissed. Moreover, even if we were to consider the instant motion as one to renew, based on additional material facts not previously before the court (*Barry v Good Samaritan Hosp., supra*), we would affirm the order based on the movant's failure to offer a valid excuse for not submitting the additional facts upon the original application (*Foley v Roche, supra*). ¶ The instant action was commenced on or about November 20, 1981 by the plaintiff, a plumbing and heating contractor, to recover, *inter alia*, delay damages in the sum of $277,664.45 from the defendant Board of Education of the City of New York. The delay damages had been previously broken down, in a notice of claim served upon defendant on or about October 2, 1981, as follows:

| | | |
|---|---|---|
| "(a) | $ 11,127.45 | representing 15% interest per annum on every partial payment not received within 30 days after it was requested. |
| "(b) | 136,000.00 | representing '[p]roject manager's expenses as a result of delay in contract completion'. |
| "(c) | 10,480.00 | representing delay damages incurred by plaintiff's subcontractor. |
| "(d) | 7,000.00 | representing legal fees incurred in prosecuting two CPLR article 78 proceedings against defendant to recover payments under the contract. |
| "(e) | 113,057.00 | representing damages in increased labor and material caused by defendant's failure to make plans and construction sites available and defendant's major design changes." |

¶ After joinder of issue, the defendant cross-moved for partial summary judgment dismissing the claim for delay damages on the ground that plaintiff had failed to serve a notice of such claims within three months after their accrual, pursuant to subdivision 1 of section 3813 of the Education Law. ¶ In support of the cross motion, defendant alleged that (1) a claim accrues under subdivision 1 of section 3813 of the Education Law when plaintiff's damages are ascertainable, (2) the delays for which plaintiff was seeking damages occurred during the contract performance which ended when the contract work was substantially completed, and (3) plaintiff's delay damages were therefore ascertainable on September 10, 1979 when the work was substantially completed. Since the plaintiff's notice of claim was served on defendant more than two years after the work was substantially completed, defendant argued that its cross motion for partial summary judgment dismissing the claim for delay damages had to be granted. ¶ In opposition to defendant's cross motion for partial summary judgment, plaintiff argued, *inter alia*, that its claim for delay damages did not accrue "until July 6, 1981 when [the defendant] issued its check for $7,371.24 * * * stating that this was final payment for the job in question". Defendant further argued that "[i]t was only after receipt of the * * * check marked 'final payment' that plaintiff was aware of the amount [defendant] intended to pay and the damages could be calculated". Accordingly, defendant argued that (1) it served a notice of claim within three months from the claim's accrual (i.e., July 6, 1981 — October 2, 1981), and (2) it had therefore complied with subdivision 1 of section 3813 of the Education Law. ¶ Special Term granted defendant's cross motion for partial summary judgment. ¶ We affirm. ¶ Subdivision 1 of section 3813 of the Educational Law

provides as follows: ¶ "§ 3813. Presentation of claims against the governing body of any school district or certain state supported schools ¶ "1. No action or special proceeding, for any cause whatever [with certain exceptions not germane here] shall be prosecuted or maintained against any * * * board of education * * * unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment". ¶ It is well settled that (1) compliance with subdivision 1 of section 3813 of the Education Law is a condition precedent to the commencement of any action against the Board of Education of the City of New York (*Crescent Elec. Installation Corp. v Board of Educ.*, 72 AD2d 760, affd 50 NY2d 780), (2) the phrase "accrual of such claim" in subdivision 1 of section 3813 of the Education Law means the time when the extent of the damages can be ascertained (*Matter of Board of Educ. [Wager Constr. Corp.]*, 37 NY2d 283, 290; *Almar Constr. Corp. v Hughes & Sons*, 58 AD2d 615), and (3) claims by a contractor against a board of education for delay damages are ascertainable at the time the work has been substantially completed (*Crescent Elec. Installation Corp. v Board of Educ., supra; Public Improvements v Board of Educ.*, 81 AD2d 537, affd 56 NY2d 850). The record indicates that defendant certified that plaintiff's work was substantially completed on September 10, 1979. Moreover, plaintiff itself has conceded, both in its notice of claim and in a related article 78 proceeding, that it substantially completed its work in early September, 1979. Indeed, in its brief, plaintiff further concedes that claims (b) and (e) of its notice of claim, which together comprise $249,057 of the total delay damages of $277,664.45 were ascertainable and therefore accrued, at the time of substantial completion of the work, i.e., on September 10, 1979, and that accordingly those claims would ordinarily be barred, due to a failure to serve a timely notice of claim. Nevertheless, plaintiff argues that the remaining three items in the notice of claim, i.e., items (a), (c), and (d), were ascertainable and therefore accrued, not at the time of substantial completion of the work, but at the time of final payment on July 6, 1981. Plaintiff argues that the notice of claim was therefore timely with respect to these three items and that the stale claims can be appended to the timely ones. ¶ We disagree with plaintiff's arguments. The delay damages incurred by plaintiff's subcontractor, set forth in item (c), were ascertainable at the time of substantial completion of the work (*Crescent Elec. Installation Corp. v Board of Educ., supra; Public Improvements v Board of Educ., supra*). ¶ The two remaining items, i.e., (a) and (d), represent, respectively, claims for 15% interest on late partial payments and legal fees incurred by the plaintiff in prosecuting two CPLR article 78 proceedings against defendant to recover payments due under the contract, which two proceedings were disposed of by judgments dated December 19, 1979 and January 28, 1981, respectively. Items (a) and (d) however, are specifically excluded as recoverable items of delay damages pursuant to the supplementary agreement executed by the parties on May 9, 1977. That supplementary agreement provided, in paragraphs (a) and (b) of subdivision 2 thereof, for plaintiff's reimbursement by the defendant for the following delay damages: ¶ "(a) The increased costs to be incurred by the contractor in the performance of the work after its resumption by reason of increased wage rates (including increased fringe benefits, taxes and insurance applicable to labor) and increased material and equipment rental costs plus 6% thereof; no additional payments are to be made on account of equipment owned by the contractor.

¶ "(b) The increased costs to be incurred by the contractor's subcontractors and materialmen after the work is resumed by reason of and limited to increased material and equipment rental costs; no additional payments are to be made on account of equipment owned by subcontractors and materialmen. There will be added to such escalated costs, the sum of 10% for the subcontractor or materialmen plus an additional 6% for the general contractor". ¶ Since items (a) and (d) set forth in the notice of claim did not come within these provisions of the contract, they were specifically excluded as recoverable items of delay damages pursuant to subdivision 3 of the agreement dated May 9, 1977 which provides as follows: "3. With the exception of the amounts to be paid pursuant to paragraph 2 hereof, the contractor waives and releases the Board and the City of New York from liability for all claims arising from the Board's suspension of the work, directly or indirectly, including delays". ¶ Moreover, these two claims were, in our view, also ascertainable more than three months before plaintiff served its notice of claim. In view of our holding on this issue, we need note only briefly, contrary to plaintiff's argument, that untimely claims may not be appended to timely claims of a different type (*Almar Constr. Corp. v Hughes & Sons,* 58 AD2d 615, *supra; cf. Carthage Cent. School Dist. v Reddick & Sons of Gouverneur,* 67 AD2d 808). ¶ Plaintiff next argues that defendant had timely notice of its "delay claims" prior to October 2, 1981, by virtue of several letters it sent to defendant ranging in time from March 13, 1975 to November 23, 1979, as well as the two CPLR article 78 proceedings. ¶ We disagree. ¶ In determining whether a letter or bill can be substituted for a notice of claim, certain elements must be present including the "nature of the claim, the time when, the place where and the manner in which the claim arose * * * and, where an action in contract is involved, the monetary demand and some explanation of its computation" (*Parochial Bus Systems v Board of Educ.,* 60 NY2d 539, 547). Moreover, these prerequisites are not satisfied by presentment to any individual or body other than the particular one authorized to accept presentment of the notice of claim or its equivalent (*Parochial Bus Systems v Board of Educ., supra,* pp 547-548). In the case at bar, the particular delay damages in the notice of claim were never set forth in either the correspondence alluded to or in the two CPLR article 78 proceedings. Additionally, plaintiff's letters were sent to directors of various bureaus or divisions of the board of education and there was no proof that these individuals were authorized to accept service of the letters. Accordingly, this argument must be rejected (*Parochial Bus Systems v Board of Educ., supra*). ¶ Finally, we have examined the estoppel argument raised by plaintiff and find it to be without merit (*Public Improvements v Board of Educ.,* 81 AD2d 537, affd 56 NY2d 850, *supra*). Lazer, J. P., Mangano, Gibbons and O'Connor, JJ., concur.