■ ANN M. GAYDOS et al., Appellants-Respondents, v FRED MUHLBAUER, Also Known as FREDERICK W. MUHLBAUER, et al., Respondents, and NEW YORK BOARD OF FIRE UNDERWRITERS et al., Appellants. (And a Third-Party Action.) [781 NYS2d 144]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated November 26, 2002, which granted the motion of the defendants Fred Muhlbauer, also known as Frederick W. Muhlbauer, and Fred Muhlbauer, doing business as Brookside Construction, and the separate motion of the defendants Glenn S. Ayasse and Advantage Electric Contractors, Inc., pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them, and the defendants New York Board of Fire Underwriters and Thomas Horn cross-appeal from so much of the same order as purportedly denied their application for the same relief.

Ordered that the cross appeal is dismissed, as the application was pending and undecided at the time the order was issued (*see Katz v Katz,* 68 AD2d 536 [1979]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents Fred Muhlbauer, also known as Frederick W. Muhlbauer, Fred Muhlbauer, doing business as Brookside Construction, Glenn S. Ayasse, and Advantage Electric Contractors, Inc.

Upon a motion to dismiss pursuant to CPLR 3216, the burden is upon the plaintiff to establish both a reasonable excuse for the delay in responding to the 90-day demand as well as the existence of a meritorious action (*see Wing v Chammas,* 78 AD2d 887 [1980]; *Matter of Simmons v McSimmons, Inc.,* 261 AD2d 547 [1999]). In the instant case, the plaintiffs failed to sustain that burden by showing that the action was meritorious. The plaintiffs did not submit an expert affidavit demonstrating that the alleged injuries of the plaintiff Ann M. Gaydos were causally related to an electric shock that was allegedly caused by the negligence of the defendants, and as the Supreme Court noted, a substantial period of time passed between the time of the incident and the time that Gaydos sought treatment from a medical practitioner. Also, the plaintiffs did not submit expert proof or other evidence that their house was in any way defectively constructed or that negated the possibility that the alleged defects in question were caused by subsequent contractors. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.