Finizio v Midwest Custom Case, Inc. (2020 NY Slip Op 06757)





Finizio v Midwest Custom Case, Inc.


2020 NY Slip Op 06757


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-10295
 (Index No. 506733/13)

[*1]Lucia S. Finizio, appellant, 
v
Midwest Custom Case, Inc., defendant third-party plaintiff-respondent, Sentry Facility Specialists, Inc., et al., defendants-respondents; Darren Reinhart Contracting Services, Inc., third-party defendant-respondent.


Yadgarov & Associates, PLLC, New York, NY (Ronald S. Ramo of counsel), for appellant.
Marshall, Conway & Bradley, P.C., New York, NY (Lauren Turkel of counsel), for defendant third-party plaintiff-respondent.
Barry, McTiernan & Moore, LLC, New York, NY (Laurel A. Wedinger of counsel), for defendant-respondent Sentry Facility Specialists, Inc.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for defendant-respondent JM General Contracting Corp.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 27, 2017. The order granted the defendants' separate motions, inter alia, pursuant to CPLR 3216 to dismiss the amended complaint insofar as asserted against each of them, and the third-party defendant's motion, among other things, pursuant to CPLR 3216 to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff commenced this action in October 2013, alleging that she was injured in November 2010 when a display unit fell on her while she was working at an AT & T store in New York, and that her injuries were caused by the defendants' negligence. The defendants each answered the complaint and, in August 2014, the defendant Midwest Custom Case, Inc., commenced a third-party action against Darren Reinhart Contracting Services, Inc. (hereinafter Contracting Services). The plaintiff then served an amended complaint adding direct claims against Contracting Services.
Pursuant to a preliminary conference order dated October 19, 2015, the Supreme [*2]Court, inter alia, directed that the plaintiff file a note of issue on or before April 29, 2016. Depositions were conducted between January 2016 and April 2016. The plaintiff did not serve a note of issue on or before April 29, 2016, and, instead, in June 2016, served notices for discovery and inspection. Thereafter, at the end of June 2016, the parties agreed to extend the plaintiff's time to file the note of issue to August 29, 2016. The plaintiff did not file a note of issue on that date nor seek an extension of time to file.
Thereafter, in December 2016 and January 2017, the defendants and Contracting Services each served the plaintiff with a 90-day notice demanding that she resume prosecution of the action and file a note of issue within 90 days pursuant to CPLR 3216. The plaintiff did not file a note of issue in response to the notices nor seek any other relief. In May and June 2017, the defendants and Contracting Services each moved, among other things, pursuant to CPLR 3216 to dismiss the amended complaint insofar as asserted against each of them. In an order dated July 27, 2017, the Supreme Court granted the motions. The plaintiff appeals.
Having been served with the 90-day notices, the plaintiff was required to file a note of issue or move, before the default date, to vacate the 90-day demands or to extend the 90-day period (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503-504; Worldwide Ins. Brokerage Ltd. v New City Mgt., LLC, 172 AD3d 1282, 1282). The plaintiff failed to do so. Thus, in order to avoid dismissal of the action pursuant to CPLR 3216(e), the plaintiff was required to demonstrate "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216[e]; see Umeze v Fidelis Care N.Y., 17 NY3d 751, 751; Worldwide Ins. Brokerage Ltd. v New City Mgt., LLC, 172 AD3d at 1283).
We agree with the Supreme Court's determination that the plaintiff failed to demonstrate a justifiable excuse for the delay (see Austin v Gould, 159 AD3d 422, 422; Huger v Cushman & Wakefield, Inc., 58 AD3d 682, 684), and failed to demonstrate a good and meritorious cause of action (see Gaydos v Muhlbauer, 10 AD3d 408, 409; Werbin v Locicero, 287 AD2d 617, 618).
The plaintiff's remaining contention is without merit (see Baczkowski v Collins Constr. Co., 89 NY2d at 504; Worldwide Ins. Brokerage Ltd. v New City Mgt., LLC, 172 AD3d at 1283).
Accordingly, we agree with the Supreme Court's determination granting the separate motions of the defendants and Contracting Services, inter alia, pursuant to CPLR 3216 to dismiss the amended complaint insofar as asserted against each of them.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court