Copeland v Suffolk County (2025 NY Slip Op 07277)

Copeland v Suffolk County

2025 NY Slip Op 07277

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
SUSAN QUIRK, JJ.

2024-03977
 (Index No. 612521/21)

[*1]Don Leroy Copeland, appellant, 
vSuffolk County, respondent, et al., defendants.

Herman Law, New York, NY (Jeffrey Herman, Stuart Mermelstein, Melissa Ferraro, and Vanessa Neal of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Jacob S. Kutnicki of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated March 8, 2024. The order granted the motion of the defendant Suffolk County pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute.
ORDERED that the order is affirmed, with costs.
In July 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging, inter alia, that the defendant Suffolk County negligently failed to prevent sexual abuse perpetrated upon the plaintiff from approximately 1995 to 1996 and 1999 to 2001 while he was in the custody of the Commissioner of the Suffolk County Department Social Services as a foster child.
The County joined issue by interposing an answer in June 2022. On June 26, 2023, the County served the plaintiff with a 90-day notice pursuant to CPLR 3216(b), demanding that the plaintiff resume prosecution of the action and serve and file a note of issue.
In October 2023, the County moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute. In an order dated March 8, 2024, the Supreme Court granted the County's motion. The plaintiff appeals.
CPLR 3216(a) provides: "Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading on terms." "A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Bank of Am., N.A. v Ali, 202 AD3d 726, 727). "Once the 90-day demand is received, the plaintiff [is] required to comply with it by filing a note of issue or move before the default date to vacate the demand or extend the 90-day period" (Bank of Am. v Guillaume, 169 AD3d 625, 626 [internal [*2]quotation marks omitted]; see Amos v Southampton Hosp., 131 AD3d 906, 907).
Here, having been served with the 90-day notice, the plaintiff was required to file a note of issue or move, before the default date, to vacate the 90-day demand or to extend the 90-day period (see Finizio v Midwest Custom Case, Inc., 188 AD3d 1006, 1007). The plaintiff failed to do so. Thus, in order to avoid dismissal of the action pursuant to CPLR 3216(e), the plaintiff was required to demonstrate "justifiable excuse for the delay and a good and meritorious cause of action" (id.; see Finizio v Midwest Custom Case, Inc., 188 AD3d at 1007). The Supreme Court properly determined that the plaintiff failed to demonstrate a justifiable excuse for the delay or establish a good and meritorious cause of action (see Umeze v Fidelis Care N.Y., 17 NY3d 751; Turner v Fuchs, Cooperstein & Greengold, LLC, 216 AD3d 1037, 1038; Finizio v Midwest Custom Case, Inc., 188 AD3d at 1007).
Accordingly, the Supreme Court properly granted the County's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court