Scileppi, J.
Appellant appeals by leave of our court from an order of the Appellate Division, First Department, which unanimously dismissed an appeal from a judgment of the Supreme Court, New York County, on the ground that the appeal was not timely within the meaning of CPLB 5513 (subd. [a]).
*495 Upon rendering its decision in this article 78 proceeding, Special Term directed that an “ order be settled ”. The respondents submitted a proposed judgment, and the appellant submitted a proposed counter judgment.
On May 29,1968 the'proposed counter judgment submitted by the appellant was signed by the Special Term Judge and on June 13, 1968 it was filed in the County Clerk’s office at the respondents’ request. On July 17,1968 the appellant was served by mail with a copy of the judgment with notice of entry, and on that date the appellant served a notice of appeal to the Appellate Division. Respondents moved to dismiss the appeal contending that pursuant to 5513 (subd. [a]) the appellant’s time to appeal expired on July 13,1968. The Appellate Division granted the motion to dismiss the appeal concluding that it was untimely. ■
CPLR 5513 (subd. [a]) provides: “ (a) Time to take appeal as of right. An appeal as of right must be taken within thirty days after service upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has entered the judgment or order or served notice of its entry his appeal must be taken ivithin thirty days after he. did either.” (Emphasis added.)
The respondents, relying upon People ex rel. Manhattan Stor. & Warehouse Co. v. Lilly (299 N. Y. 281) and Matter of Stern Bros. (Livingston) (3 N Y 2d 964), contend that the exception to be found in 5513 (subd. [a]) is operative so long as the appellant submits a counter judgment to be signed by the court, notwithstanding the manner in which it is ultimately entered. This contention is untenable.
It is true that in the cases relied upon by the respondents this court held the requisite time to serve the notice of appeal started from the date of entry of the counter order submitted by the appellant, notwithstanding the fact that the appellant did not personally have the order entered. In each case, the reasoning was that, where a party submits an order or judgment which is ultimately signed by the Judge and when signed it is 1 ‘‘ automatically ’ ’ entered without any further action by either party, the entry of such order or judgment should be attributed to the appellant. Where, however, as in the case at bar, the proposed order or judgment will in no event be “ automatically ” entered *496 but rather requires one of the parties to request that it be entered, it can no longer be reasonably said that the appellant has entered the judgment when the respondent is the party who, in fact, has made the request.
Therefore, the exception to be found in 5513 (subd. [a]) not being applicable, the appellant’s time to appeal did not begin to run until service of the judgment with notice of entry had been made.
It is, therefore, evident that until such time as uniformity is established with regard to the entry of all judicial decrees, it is incumbent upon every appellant to determine the procedure followed in the county where the determination was rendered.
Accordingly, the order of the Appellate Division should be reversed and the matter remitted to that court for a consideration of the merits.
Chief Judge Fuld and Judges Burke, Bergan, Keating, Bbeitel and Jasen concur.
Order reversed, without costs, and matter remitted to the Appellate Division for further proceedings in accordance with the opinion herein.