■ LINDA SHAPIRO et al., Appellants, v UNI-ROYAL, INC., et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County, entered on September 30, 1977, unanimously affirmed for the reasons stated by Stecher, J., at Special Term. Respondents shall recover of appellant one bill of $75 costs and disbursements of this appeal. Appellant's time within which to comply with Special Term's permission to serve an acceptable bill of particulars is extended to 10 days after service of a copy of this court's order with notice of entry. Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.

■ 200 EAST TENANTS CORP. et al., Appellants, v HILDA J. SHERRY et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County, entered on June 2, 1978, unanimously affirmed on the opinion of Nusbaum, J., at Trial Term, without costs and without disbursements. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.

■ THERESA C. PRINK, as Administratrix of the Estate of ROBERT V. PRINK, Deceased, v ROCKEFELLER CENTER, INC., et al.—Motion, insofar as it seeks reargument, denied and, insofar as it seeks leave to appeal to the Court of Appeals granted and the following question certified: "Was the order of the Supreme Court, as affirmed by this court, properly made?" Concur—Murphy, P. J., Lupiano, M·rkewich, Sandler and Sullivan, JJ.

■ In the Matter of the Estate of MEYER KAUFMAN, Deceased.—Motion to dismiss appeal from order, Surrogate's Court, Bronx County, entered March 31, 1978, denying a motion by objectant-appellant pursuant to CPLR 5019 (subd [a]), on the ground that the order denied reargument, denied without costs and without prejudice to renewal upon the argument of the appeal. Cross motion to dismiss as untimely taken the appeal from the same order denied, without costs. Movant, in quoting from *Johnson v Anderson* (15 NY2d 925), implies that appellant procured entry of the order and that, therefore, his time to appeal runs from that date. The nettlesome problems created by the exception in former CPLR 5513 (subd [a]) for situations where appellant had procured entry of the order (see, e.g., *Matter of Stuart & Stuart v New York State Liq. Auth.,* 23 NY2d 493, 495-496) were long ago settled by the amendment to that subdivision by the Laws of 1970 (ch 108, § 1, eff Sept. 1, 1970). As a result, the time to appeal is no longer measured from the mere entry but from the date of service by or upon the appellant of a copy of the order with notice of entry. (See Sixteenth Annual Report of NY Judicial Conference, 1975, pp 27-28; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5513.03.) In the case at bar, the earliest service of a copy of the order with notice of entry was made by appellant simultaneously with his service of the notice of appeal therefrom. Accordingly, the appeal was timely taken. Concur—Kupferman, J. P., Birns, Silverman, Fein and Sandler, JJ.