OPINION OF THE COURT
 

 Jones, J.
 

 Claims against the Board of Education of the City of New York asserted by a construction contractor must satisfy the
 
 *784
 
 requirements of both section 2562 and subdivision 1 of section 3813 of the Education Law.
 

 Crescent Electrical Installation Corp. was the successful bidder for electrical work on the construction of a new school. The work was substantially completed in September, 1972, and on November 15, 1972 the board of education approved the "Final Certificate” issued by its director of the bureau of construction and authorized final payment. Payment under the certificate and resolution apparently was made shortly after December 12, 1972. Thereafter the board issued several change orders increasing the contract price and on May 23, 1973 certified a total increase in the contract price of over $72,000. On June 13, 1973 Crescent filed a notice of claim seeking the contract balance, extras, and damages for delay in consequence of the board’s alleged breach of its obligations under the contract. The first trial terminated in a mistrial on consent of the parties.
 

 On the eve of the second trial and following settlement of two of the three claims asserted, the board of education moved to amend its answer to include an affirmative defense based on Crescent’s alleged failure to serve a timely notice of claim as required by subdivision 1 of section 3813 of the Education Law and on said amendment for summary judgment dismissing the complaint as to the remaining claim for delay damages. Supreme Court, concluding that Crescent had filed its notice of claim in conformity with the requirements of subdivision 1, denied the motion to amend the answer and for summary judgment. The Appellate Division reversed on the law, agreeing that subdivision 1 of section 3813 was applicable but holding that the notice of claim had not been timely filed under that subdivision, and granted the board’s motion.
 

 On the appeal in our court, Crescent initially sought a reversal on any one or more of four grounds, arguing that only section 2562 and not subdivision 1 of section 3813 applied to claims against the New York City Board of Education, that in consequence of its alleged practice over 40 years not to rely on subdivision 1 of section 3813 the board was estopped to contend that that subdivision was applicable to Crescent’s claim, that inasmuch as the board had promulgated a form contract specifying a particularized procedure for service of notices and claims it had waived any application of subdivision 1 of section 3813, and finally that, if subdivision 1 of section 3813 were applicable, Crescent’s notice of claim had
 
 *785
 
 been timely filed within the requirements of that subdivision. In its reply brief and on oral argument in our court, Crescent, as it was entitled to do, expressly withdrew all reliance on the last three arguments and now relies for reversal only on the contention that as a matter of statutory interpretation the provisions of section 2562 exclusively apply to its present claim (as to which it appears to be conceded, at least for present purposes, that there has been compliance) and that the provisions of subdivision 1 of section 3813 are wholly inapplicable. There should be an affirmance; contrary to Crescent’s arguments, in asserting its present claim it was obliged to comply with the requirements of both section 2562 and subdivision 1 of section 3813.
 

 The texts of sections 2562 and 3813 are set forth in the appendix to this opinion.
 
 [1]
 
 The provisions of section 2562 and its predecessor sections of the Education Law have remained substantially the same since initial adoption in 1936. The section originally applied only to a board of education of a city having a population of one million or more and appears to have been enacted to grant to the New York City Board of Education the same rights and protection with respect to the presentment of and hearings on claims against the board that the city enjoyed with respect to claims against it. Under the section then as now the board was granted the right to examine any claimant under oath and no action could be brought on the claim until after the lapse of at least 30 days following presentment of the claim. For present purposes it is significant that the section has never contained any provision limiting the time within which a notice of claim must be presented.
 

 In 1938 the predecessor section of present section 3813 was enacted. It had State-wide application and contained a provision similar to that of the 2562 section proscribing the institution of any action until the expiration of 30 days after presentment of the claim. It did not, however, include any counterpart of that portion of the 2562 section according the right of prelitigation examinations of claimants, nor did it contain any limitation of time within which notices of claim had to be presented. To avoid misunderstanding of the interrelation between the new 3813 section and the pre-existing 2562
 
 *786
 
 section, the 1938 enactment contained the following provision: "The provisions of this section, however, shall not supersede, alter or affect the provisions of section eight hundred sixty-eight-b of this chapter [the then predecessor of section 2562].” In 1943 the 3813 section was amended to provide that notices of claim must be verified and introduced a wholly new period of limitation with respect to such notices, namely, a requirement that notice of the claim be presented within three months after accrual of the claim. There was also a minor editorial change to make it abundantly clear that the revised 3813 section was to apply State-wide to all boards of education. The same express nonsuperseder provision was continued, but again there was no counterpart provision with respect to prelitigation examination of claimants.
 

 It is the submission of Crescent that, in consequence of the explicit stipulation that the provisions of the 3813 section "shall not supersede, alter or affect the provisions” of the 2562 section, none of the substantive provisions of section 3813 (and specifically for present purposes that imposing the three-month period of limitation for presentment of claims) apply to claims against the New York City Board of Education. We agree with both courts below that this argument must be rejected. The provisions of sections 3813 and 2562 are complementary, not inconsistent or incongruous. There is nothing in the operative provisions of either statute which forecloses application of the other. As to the 30-day waiting period there is a duplication. Section 2562 contains a provision authorizing prelitigation examinations of claimants for which section 3813 has no counterpart; section 3813 since 1943 has contained the three-month period of limitations for which there is no correspondent in section 2562. The nonsuperseder provision serves to preserve the concurrent application of both sections with respect to claims against the New York City Board of Education and to prescribe the transcendence of section 2562 if in any particular factual situation the provisions of the two sections collide.
 

 For the reasons stated, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed.
 

 
 *787
 
 APPENDIX
 

 Education Law
 

 § 2562. Presentation of claims against a board of education of a city having a population of four hundred thousand or more to be pleaded
 

 1. No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against a board of education of a city having a population of four hundred thousand or more, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the said board of education for adjustment, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.
 

 2. The said board of education may require any person presenting for settlement an account or claim for any cause whatever against it to be sworn before it or a committee thereof, or before the auditor, or before any person designated by said board, touching such account or claim, and when so sworn, to answer orally as to any facts relative to the justness of such account or claim. A member of the board, the auditor, or any other person designated as hereinbefore stated, shall have the power to administer an oath to any person who shall give testimony to the justness of such account or claim, and for the purpose of securing such testimony may issue subpoenas for the attendance of witnesses. Wilful false swearing before the said board of education, a committee thereof, the auditor, or before any person designated as hereinbefore stated, is perjury and punishable as such.
 

 § 3813. Presentation of claims against the governing body of any school district
 
 [2]
 

 1. No action or special proceeding, for any cause whatever, except as hereinafter provided, relating to district property or claim against the district, or involving its rights or interests shall be prosecuted or maintained against any school district, board of education, board of cooperative educational services or any officer of a school district, board of education, or board of cooperative educational services, unless it shall appear by and as an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay such claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment.
 

 2. Notwithstanding anything to the contrary hereinbefore contained in this section, no action or special proceeding founded upon tort shall be prosecuted or maintained against any of the parties named in this section or against any teacher or member of the supervisory or administrative staff or employee where the alleged tort was committed by such teacher or member or employee acting in the discharge of his duties within the scope of his employment and/or under the direction of the board of education, trustee or
 
 *788
 
 trustees, unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law. Every such action shall be commenced pursuant to the provisions of section fifty-i of the general municipal law.
 

 3. The provisions of this section shall not supersede, alter or affect the provisions of section twenty-five hundred twelve
 
 [3]
 
 of this chapter.
 

 [1]
 

 . For a more detailed analysis of the legislative history of these sections see the opinion of Mr. Justice J. Irwin Shapiro in
 
 H & J Floor Covering v Board of Educ.
 
 (66 AD2d 688).
 

 [2]
 

 . At all times relevant, section 3813 read as above. It was amended as to all claims accruing on or after June 19, 1978 by chapter 346 of the Laws of 1978, but such amendment has no relevance here.
 

 [3]
 

 . Section 2512 was renumbered section 2562 by section 2 of chapter 762 of the Laws of 1950.