■ HERRICK ELECTRICAL CONTRACTING CO., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (P.S./I.S. 193, BRONX), Respondent.—In an action to recover damages for breach of contract, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Pino, J.), dated October 18, 1983, as denied its motion for partial summary judgment, and granted defendant's cross motion to the extent that it sought summary judgment dismissing the complaint.

Order affirmed, insofar as appealed from, with costs.

By an order of the Supreme Court, Kings County (Hirsch, J.), dated October 13, 1981, plaintiff's motion for leave to amend its complaint to allege compliance with Education Law § 3813 or "four bases on which failure *strictly* to comply with § 3813 may be excused", was denied on the grounds that the

proposed amended complaint lacked sufficiency as a matter of law, and that to allow the proposed amendment at that time would be prejudicial to defendant. That order was affirmed, without opinion by this court in *Herrick Elec. Contr. Co. v Board of Educ.* (91 AD2d 878).

A plaintiff is required to plead compliance with Education Law § 3813 *(see, Crescent Elec. Installation Corp. v Board of Educ.,* 50 NY2d 780). Since plaintiff has already been denied leave to amend its complaint to plead compliance or excuse for failure to so comply, it was proper for Special Term to grant summary judgment to defendant since the complaint was defective *(see, Acme Skillman Constr. Co. v Board of Educ.,* 106 AD2d 533).

It is not necessary to pass on plaintiff's other contentions since they were raised on the prior appeal to this court and we are bound by law of the case. Lazer, J. P., Bracken, Niehoff and Kooper, JJ., concur.