■ PHILSON PAINTING CO., INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated June 27, 1985, as, upon renewal and reargument, granted the defendant's motion for summary judgment dismissing the plaintiff's complaint for failure to timely file a notice of claim pursuant to Education Law § 3813 (1), and denied the plaintiff's cross motion to strike the defendant's second affirmative defense with respect to the failure to timely file a notice of claim, and for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Compliance with Education Law § 3813 is a condition precedent to the commencement of an action against the Board of Education (see, Public Improvements v Board of Educ., 56 NY2d 850). This statutory mandate requires that a notice of claim be filed within 90 days after the accrual of a cause of action. It is well established that a claim accrues for the purposes of Education Law § 3813 upon substantial completion of work performed pursuant to a contract with the board (in this case, removal of asbestos from school ceilings) (see, Crescent Elec. Installation Corp. v Board of Educ., 50 NY2d 780; Amsterdam Wrecking & Salvage Co. v Greater Amsterdam School Dist., 56 NY2d 828). It is undisputed that the work which constitutes the basis of this claim was substantially completed by October 3, 1983. Additionally, the plaintiff was aware of its extra costs three weeks prior to October 3, 1983, as it had sent the defendant a letter, dated September 11, 1983, setting forth the additional compensation sought. Since the plaintiff failed to file its notice of claim until January 6, 1984, more than 90 days after its claim accrued, said filing was untimely. The mere fact that communications were exchanged between the parties is insufficient to relieve the plaintiffs of its statutory duty (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539). Further, as the plaintiff failed to seek leave to file a late notice of claim within the one-year Statute of Limitations, the relief provisions of Education Law § 3813 (2-a) are unavailable. Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.