(May 31, 1991)

■ ACCEN CONSTRUCTION CORP., Respondent, v PORT WASHINGTON UNION FREE SCHOOL DISTRICT, Appellant.—In an action to recover damages for breach of a construction contract, the defendant appeals from an order of the Supreme Court, Nassau County (O'Shaugnessy, J.), entered January 10, 1990, which denied its motion to dismiss, inter alia, for the plaintiff's failure to serve a notice of claim pursuant to Education Law § 3813 (1).

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion to dismiss is granted.

The plaintiff failed to present its purported notice of claim to "the governing body", the Board of Education of the defendant Port Washington Union Free School District, as required by Education Law § 3813 (1). The application and certificate for payment, purporting to be the notice of claim, was directed to a named individual at the office of the defendant who the defendant asserted was its business agent. There is nothing in the record to indicate that the individual to whom the applica-

tion for payment was directed was given authority by the Board of Education to receive the notice of claim. The requirements of Education Law § 3813 (1) must be formally complied with and, therefore, the plaintiff's failure to timely serve a notice of claim upon the Board of Education or its designee was a fatal defect requiring dismissal of the plaintiff's first cause of action (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539; F & G Heating Co. v Board of Educ., 103 AD2d 791; Almar Constr. Corp. v Hughes & Sons, 58 AD2d 615). Nor does the plaintiff's second cause of action for extra compensation claimed to have been earned upon the construction project fare any better. The purported notice of claim consists of correspondence between the plaintiff and the defendant's architect. We reject the plaintiff's argument that service of the complaint within three months after the accrual of the claim excuses its failure in serving a notice of claim (see, Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61). Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.