■ H. VERBY COMPANY, INC., Plaintiff, v CARLE PLACE UNION FREE SCHOOL DISTRICT, Respondent, PREMIER-NEW YORK, INC., Appellant, et al., Defendants. [773 NYS2d 601]—

In an action, inter alia, to foreclose a lien and to recover upon a payment bond, the defendant Premier-New York, Inc., appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 12, 2002, which denied its motion for leave to amend its answer to assert additional cross claims and granted the cross motion of the defendant Carle Place Union Free School District for summary judgment dismissing the cross claims of Premier-New York, Inc., insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant Premier-New York, Inc. (hereinafter Premier), interposed four cross claims against the defendant Carle Place Union Free School District (hereinafter the School District) in this action. The timely presentation of a notice of claim is a condition precedent to maintaining claims against a school district (*see* Education Law § 3813; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 547 [1983]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs.,* 258 AD2d 434, 435 [1999]). In this case, the School District, prima facie, demonstrated that Premier failed to serve a timely notice of claim upon its governing body (*see* Education Law § 3813 [1]; *Parochial Bus Sys. v Board of Educ. of City of N.Y., supra* at 548; *Santini & Co. v City of New York,* 266 AD2d 119, 120 [1999]; *Dodge, Chamberlin, Luzine, Weber Architects v Dutchess County Bd. of Coop. Educ. Servs., supra; Matter of Sainato v Western Suffolk BOCES,* 242 AD2d 301 [1997]; *Accen Constr. Corp. v Port Washington Union Free*

*School Dist.,* 173 AD2d 753 [1991]. Indeed, Premier's cross claims were defective as pleaded since they failed to allege compliance with the notice of claim requirements of Education Law § 3813 (1) (*see Crescent Elec. Installation Corp. v Board of Educ. of City of N.Y.,* 50 NY2d 780, 783-784 [1980]; *Matter of Kernan Lib. Off. Group v Board of Educ.,* 187 AD2d 861 [1992]; *Stoetzel v Wappingers Cent. School Dist.,* 166 AD2d 643 [1990]; *Herrick Elec. Contr. Co. v Board of Educ. of City of N.Y.,* 116 AD2d 621, 622 [1986]).

In opposition to the School District's prima facie showing of entitlement to judgment as a matter of law dismissing the cross claims insofar as asserted against it, Premier failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Contrary to Premier's contention, the School District was not estopped from asserting its defense pursuant to Education Law § 3813 (*see Bronco Bus Corp. v City of Yonkers Bd. of Educ.,* 250 AD2d 718, 719 [1998]; *cf. Conquest Cleaning Corp. v New York City School Constr. Auth.,* 279 AD2d 546 [2001]; *Boeckmann & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1,* 207 AD2d 773, 775-776 [1994]).

Finally, the Supreme Court properly denied Premier's motion for leave to amend its answer to assert additional cross claims because the proposed amendments suffered the same defect as the original cross claims and were devoid of merit (*see Washington Ave. Assoc. v Euclid Equip.,* 229 AD2d 486, 487-488 [1996]; *Zabas v Kard,* 194 AD2d 784 [1993]). Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.