■ LINDA MITCHELL, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Also Known as THE PANEL FOR EDUCATIONAL POLICY, et al., Respondents. [790 NYS2d 90]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered November 12, 2003, which granted defendants' motion to dismiss the complaint as untimely, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated and the matter remanded for further proceedings.

Plaintiff, a tenured New York City public school teacher, entered into a stipulation with defendants in October 2001 settling disciplinary charges against her. The stipulation stated in pertinent part: "[Plaintiff] is currently assigned to CES [Public School] 64x. She may be reassigned to another school at her current salary, subject to the provisions of [paragraph] 2, within the boundaries of CSD [District] 9." Paragraph 2 of the stipulation requires plaintiff to pay $2,500 to defendants, to be deducted from her pay over 25 pay periods.

Prior to the stipulation, plaintiff had been assigned to Public School 64, which was designated a "School Under Registration Review" (SURR) by defendant Board of Education (Board). Pursuant to a memorandum agreement between the Board and the United Federation of Teachers, the teaching staff in an SURR school was entitled to pro rata pay increases of 15% for the 2001-2002 school year and 8.5% for the 2002-2003 year, in exchange for extended work hours. Plaintiff received the pay increase until December 2001 when she was transferred to Public School 236, which was not a SURR school.

Thereafter, plaintiff and her attorney contacted defendants' counsel on several occasions to request that defendants comply with the stipulation and pay plaintiff the pay increases to which she was entitled. On each occasion, defendants' counsel conveyed that he would look into finding a resolution to the matter. Finally, on May 8, 2002 at a meeting in plaintiff's counsel's office, defendants' counsel informed plaintiff's counsel that the defendants "were not going to comply with the settlement."

On May 13, 2002, plaintiff filed a notice of claim with the

Board alleging that it had breached its obligations under the stipulation by failing to maintain her rate of salary when she was transferred in December 2001. On or about April 30, 2003, plaintiff commenced the instant action by the filing of a summons and complaint alleging a breach of the stipulation.

Defendants moved to dismiss the action pursuant to CPLR 3211, arguing that the action was untimely and for failure to state a cause of action. Plaintiff opposed on the grounds that the cause of action did not accrue until May 8, 2002, when defendants' counsel stated that defendants would not comply with the stipulation, and that therefore the action and notice of claim were timely.

Supreme Court granted defendants' motion and dismissed the complaint, finding that the cause of action accrued not in May 2002, but in December 2001 when plaintiff's pay rate was reduced. The court held that "[t]he notice of claim was served more than three months after the claim accrued, and the complaint was instituted beyond the applicable statute of limitations."

Under the Education Law, a claim for payment from the Board of Education must be preceded by a notice of claim served on the Board within three months of its accrual (Education Law § 3813 [1]), and an action thereon must be commenced within a one-year statute of limitations (Education Law § 3813 [2-b]). Where an action or proceeding seeks "monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]; *see Alfred Santini & Co. v City of New York*, 266 AD2d 119 [1999], *lv denied* 95 NY2d 752 [2000]).

Contrary to Supreme Court's holding, plaintiff's claim for moneys due under the stipulation did not accrue until defendants denied payment in May 2002. Immediately after plaintiff's salary was reduced in December 2001, plaintiff and her union attorney made several attempts to obtain defendants' compliance with the stipulation. Instead of expressly rejecting plaintiff's request, defendants' counsel, on at least four occasions, conveyed that he would "look into it" or would speak to his clients for purposes of determining whether they would comply with the stipulation.

"[A] 'petitioner cannot be said to be aggrieved by the mere issuance of a determination when the agency itself has created an ambiguity as to whether or not the determination was intended to be final' " (*A.C. Transp., Inc. v Board of Educ. of City of N.Y.*, 253 AD2d 330, 337 [1999], *lv denied* 93 NY2d 808 [1999], quoting *Matter of Biondo v New York State Bd. of Parole*, 60 NY2d

832, 834 [1983]). Here, as defendants do not dispute the substance of the conversations as alleged by plaintiff, it is clear that defendants did not expressly deny plaintiff's claim for payment until the May 2002 meeting. Accordingly, the May 13, 2002 notice of claim and April 30, 2003 summons and complaint were timely.

We reject defendants' argument that plaintiff's cause of action is barred by the four-month statute of limitations applicable to special proceedings under CPLR article 78. "When the damage allegedly sustained arises from a breach of the contract by a public official or governmental body, then the claim must be resolved through the application of traditional rules of contract law" (*Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 7-8 [1997]; *see also Matter of Barrier Motor Fuels v Boardman*, 256 AD2d 405 [1998] [article 78 proceeding dismissed where plaintiff's essential claim is for specific performance of contract and money damages]). In this case, where plaintiff alleges lost pay due to defendants' breach of the stipulation, a breach of contract action is the appropriate form of action or proceeding. Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.