Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 5, 2007, which granted defendants’ motion pursuant to CPLR 103 (c) to convert the action to a CPLR article 78 proceeding, and to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.
Plaintiff’s complaint, although asserting breach of contract claims, sought a declaration that the termination of her employment as a New York City public school teacher was null and void and requested reinstatement with back pay. Such claims are fundamentally premised upon the contention that the administrative determination terminating her employment was wrongful, and accordingly, should have been brought in a proceeding pursuant to CPLR article 78 (see Todras v City of New York, 11 AD3d 383, 384 [2004]; compare Mitchell v Board of Educ. of City School Dist. of City of N.Y., 15 AD3d 279, 281 [2005]).
The court also properly found that, based upon the terms of a signed stipulation in which plaintiff agreed to a three-year probationary period during which she was subject to automatic termination if she exceeded 10 days per school year in unexcused absences and in which she validly waived her tenure right to a hearing under Education Law § 3020-a (see Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown, 46 NY2d 450, 455 [1979], cert denied 444 US 845 [1979]), plaintiff was a probationary employee with regard to absenteeism and was required to show bad faith in order to challenge her dismissal (see Matter of Weir v Bratton, 4 *331 AD3d 160 [2004], lv denied 3 NY3d 611 [2004], cert denied 545 US 1140 [2005]). Here, the evidence did not demonstrate that the termination of petitioner’s employment was in bad faith. Rather, it established that during the 2005-2006 school year, plaintiff had 11 unexcused absences, and plaintiffs contention that three of the absences were in connection with court appearances did not satisfy the terms of the stipulation for excused absences. Concur—Tom, J.E, Andrias, Friedman, Catterson and Acosta, JJ. {See 2007 NY Slip Op 31952(U).]