■ KWAME BOAKYE-YIADOM, Appellant, v ROOSEVELT UNION FREE SCHOOL DISTRICT et al., Respondents. [869 NYS2d 802]—

Education Law § 3813 (1) provides in pertinent part: "No action . . . involving the rights or interests of any district . . . shall be prosecuted or maintained against any school district, board of education . . . or any officer of a school district [or] board of education . . . unless it shall appear by and as an allegation in the complaint . . . that a written verified claim upon which such action . . . is founded was presented to the governing body of said district or school within three months after the accrual of such claim, and that the officer or body having the power to adjust or pay said claim has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment. In the case of an action . . . for monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied."

Thus, the service of a timely notice of claim is a condition precedent to a claim against a school district on an action alleging breach of contract or promissory estoppel based on a contract (see *Power Cooling, Inc. v Board of Educ. of City of N.Y.*, 48 AD3d 536, 537 [2008]; *Lenz Hardware, Inc. v Board of Educ. of Van Hornesville-Owen D. Young Cent. School Dist.*, 24 AD3d 1278, 1279 [2005]; *H. Verby Co. v Carle Place Union Free School Dist.*, 5 AD3d 730 [2004]). Moreover, compliance with this condition precedent must be alleged in the complaint (see Education Law § 3813 [1]; *H. Verby Co. v Carle Place Union Free School Dist.*, 5 AD3d at 731).

The plaintiff's notice of claim was not served until more than three months after the accrual of his claims. Inasmuch as the plaintiff could not allege in his complaint that a written verified claim had been presented to the Board of Education of Roosevelt Union Free School District within three months of its accrual, the Supreme Court properly dismissed the complaint (see *Clune v Garden City Union Free School Dist.*, 34 AD3d 618, 619-620 [2006]). Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.