■ OCEANSIDE MUSIC, INC., Appellant, v ROCKVILLE CENTRE UNION FREE SCHOOL DISTRICT, Respondent. [880 NYS2d 569]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated July 28, 2008, which, among other things, granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed, with costs.

Pursuant to Education Law § 3813, no action may be maintained against a school district unless a notice of claim was served within three months of the date on which the claim accrued (*see* Education Law § 3813 [1]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 547-549 [1983]; *H. Verby Co. v Carle Place Union Free School Dist.,* 5 AD3d 730 [2004]). In addition, an action against a school district must be commenced within one year after the cause of action accrues (*see* Education Law § 3813 [2-b]; *North Salem Cent. School Dist. v Mahopac Cent. School Dist.,* 1 AD3d 418, 419 [2003]; *Allshine, C.S. v South Orangetown Cent. School Dist.,* 305 AD2d 617, 618 [2003]; *Henry Boeckmann, Jr. & Assoc. v Board of Educ., Hempstead Union Free School Dist. No. 1,* 207 AD2d 773, 775 [1994]). In actions to recover "monies due arising out of contract, accrual of such claim shall be deemed to have occurred as of the date payment for the amount claimed was denied" (Education Law § 3813 [1]).

Applying these principles to the instant matter, the Supreme Court properly granted the defendant's motion to dismiss the complaint. The plaintiff failed to timely serve a notice of claim pursuant to Education Law § 3813 (1). Moreover, the action was time-barred by the one-year statute of limitations set forth in Education Law § 3813 (2-b).

The plaintiff's remaining contention is without merit. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.