OPINION OF THE COURT
Barbara Jaffe, J.
By notice of motion dated October 15, 2009, plaintiff moves pursuant to CPLR 3212 for an order granting her summary judgment on her complaint. Defendants oppose the motion and, by notice of cross motion dated February 4, 2010, move for an order summarily dismissing the complaint. The parties agreed at oral argument that the sole issue for resolution on these motions is whether plaintiffs complaint is time-barred.
I. Background
Commencing in September 2000, plaintiff was employed by defendants as a probationary teacher at an elementary school in Brooklyn, New York. Her employment was governed by the applicable collective bargaining agreements between defendants and the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO (UFT). (Affirmation of Garfield A. Heslop, Esq., dated Oct. 15, 2009 [Heslop aff].)
On June 15, 2001, in an annual performance review, plaintiff received an overall evaluation of unsatisfactory for the 2000-2001 school year (U rating) and the superintendent of District 16, the district in which plaintiff had been teaching, recommended that her probationary status be discontinued. (Id., exhibit G.) In a letter dated June 15, 2001 and signed by the school’s principal, plaintiffs services as a probationary teacher were discontinued as of July 30, 2001 and her New York City teaching license was invalidated. (Id., exhibit H.) Between February 2002 and March 27, 2002, a new principal was assigned to plaintiffs school. (Affirmation of Rebecca R. Hirschklau, Esq., dated Feb. 4, 2010, exhibits 5, 6.)
Plaintiff appealed the U rating and on May 16, 2002, a hearing commenced, attended by plaintiff, her UFT representative, *655 Scott Neumann, and Ivor Lawson, the designee of District 16’s superintendent. (Heslop aff, exhibit C, affidavit of Barbara Morning, dated July 14, 2009; exhibit D, affidavit of Scott Neumann, dated Jan. 15, 2009.) The appeal was resolved that day in a handwritten stipulation, signed by plaintiff, Neumann, and Lawson. It provides as follows:
“The District has reviewed the recommendation to discontinue the probationary services of [plaintiff]. In view of the fact that [an appeal] was never held, and the facts concerning her services as a probationary teacher were not identified, and because the principal of record has retired and the assistant principal was [ ] to a teaching position in another district. Accordingly the District has decided to withdraw the U rating and rescind the discontinuance of probationary service which was effective July 30, 2001.
“Note
“(1) [Plaintiff] has agreed not to request back pay or remuneration for the period she was unemployed ... by the Board of Education from July 30, 2001 to the present;
“(2) [Plaintiff], under the circumstances, has agreed to seek employment outside of District 16.” (Id., exhibit K.)
Thereafter, plaintiff received an undated satisfactory rating in a new annual performance review for the school year 2000-2001, signed by the new principal. (Id., exhibit L.) From November 2002 to June 2007, plaintiff worked as a teacher in Suffolk County. (Id., exhibit C.) From November 2007 to mid-December 2007, plaintiff worked as a substitute teacher at PS. 48 in Queens, after which she worked as a substitute teacher at PS. 15 in Queens. (Id.)
By letter dated December 20, 2007, P.S. 15’s principal informed plaintiff that if she worked as a substitute teacher for 15 consecutive days, she might be granted an appointment to the school. (Id., exhibit M.) Thereafter, plaintiff was recommended for a probationary appointment commencing on or about January 23, 2008. (Id.)
However, by letter dated February 25, 2008, the principal informed plaintiff that he had learned that her New York City license and/or New York City teacher’s certificate was invalid. He asked that she provide him with a valid license or certifi *656 cate, and if she were unable to do so, he would either seek a long-term substitute teaching position for her or terminate her immediately. (Id., exhibit O.)
In March 2008, plaintiff faxed a copy of the May 2002 stipulation to defendants’ Office of Appeals and Review (OAR), and her UFT representative sent an e-mail to OAR in an attempt to clarify her employment status. (Id., exhibits C, E) By return e-mail dated March 27, 2008, defendants rejected the May 2002 stipulation for the following reasons: (1) it was not on letterhead; (2) the rating sheet was neither signed nor dated by the original rating officer; (3) it was entered into six years earlier; and (4) “especially since Mr. Lawson no longer works for the DOE and there is no way to verify” plaintiffs claim. They also relied on the district’s failure to reverse the discontinuance in defendants’ employee information system. (Id.)
By letter dated April 29, 2008, defendants informed plaintiff that she had been denied an appointment because of the prior U rating and was thus assigned as a long-term substitute teacher through June 26, 2008. On June 27, 2008, plaintiffs services were terminated. (Id., exhibit R.)
On June 17, 2008, plaintiff served defendants with her notice of claim. (Id., exhibit S.) On or about October 6, 2008, plaintiff commenced the instant lawsuit seeking monetary damages for defendants’ alleged breach of the May 16, 2002 stipulation. (Id., exhibit A.) On or about November 25, 2008, defendants served their answer, in which they asserted the following affirmative defenses: (1) failure to state a claim; (2) statute of limitations; (3) failure to perform conditions precedent; (4) claim preclusion, issue preclusion, res judicata, collateral estoppel, or judicial estoppel; (5) plaintiffs own negligence or culpability; and (6) statute of frauds. (Id., exhibit B.)
II. Contentions
Flaintiff contends that she complied with the stipulation, that defendants breached it by failing to withdraw the U rating and rescind the discontinuance of her probationary status, and that as a result, she has incurred damages as her license remains invalid, she was denied a probationary appointment, and her services were terminated. She also alleges that she incurred special damages resulting from her inability to regain employment with defendants, including expenses in seeking employment, and, as her medical insurance was discontinued, medical care costs. (Plaintiff s mem of law, dated Oct. 21, 2009.) Plaintiff argues *657 that her complaint was timely filed as a notice of claim in a breach of contract action is timely under Education Law § 3813 (1) if served within three months of the date on which the party’s damages are ascertainable. As plaintiff maintains that her damages became ascertainable on March 27, 2008, when defendants confirmed that they would not comply with the stipulation, and as her breach of contract claim against defendants is plenary in nature, she argues that the six-year statute of limitations for breach of contract actions applies. (Id.)
Defendants deny that plaintiffs notice of claim was timely filed as her claim accrued in or about July 2002 or August 2002, when they allegedly breached the stipulation by partially disregarding it when issuing the new evaluation without reversing the discontinuance. (Defendants’ mem of law, dated Feb. 4, 2010.) They contend that, pursuant to Education Law § 3813 (2-b), the breach of contract claim is governed by a one-year statute of limitations, which begins to run from the time of the breach, not when plaintiff’s damages became ascertainable, even if plaintiff did not incur any damages until later and despite her ignorance of the breach. (Id.)
III. Analysis
A. Notice of Claim
Pursuant to subdivision (1) of Education Law § 3813:
“No action or special proceeding, for any cause . . . or claim against the district or any such school . . . shall be prosecuted or maintained against any school district [or] board of education . . . unless it shall appear by and as an allegation in the complaint. . . that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim.”
The filing of a notice of claim is thus a condition precedent to the commencement of an action against a school district or board of education. (Public Improvements v Board of Educ. of City of N.Y., 56 NY2d 850 [1982].) The claim accrues when damages mature and become certain and ascertainable. (Alfred Santini & Co. v City of New York, 266 AD2d 119, 120 [1st Dept 1999], lv denied 95 NY2d 752 [2000]; Matter of Chanecka v Board of Educ., Broome-Tioga BOCES, 243 AD2d 1011, 1012 [3d Dept 1997], lv denied 92 NY2d 802 [1998].)
*658 Here, the disputed issue is whether plaintiffs claim accrued in May 2002 when defendants partially complied with the stipulation, or in March 2008 when defendants informed her representative that they were not going to comply with the rest of the stipulation. In a similar case, a New York City public school teacher entered into a stipulation with the Board of Education to settle disciplinary charges, whereby the plaintiff agreed to be reassigned to another school at her current salary in exchange for her paying the defendants $2,500. As the plaintiff would have been entitled to certain salary increases if she had continued working at her current school, she received those increases until her reassignment to another school in December 2001. Between December 2001 and May 2002, the plaintiff unsuccessfully sought the continued payment of the increases, and at the same time, defense counsel told her that he would attempt to resolve the matter. Soon thereafter, defense counsel informed the plaintiff that the defendants would not comply with the stipulation. The plaintiff then filed her notice of claim and thereafter commenced the action, alleging the defendants’ breach. (Mitchell v Board of Educ. of City School Dist. of City of N.Y., 15 AD3d 279 [1st Dept 2005].)
The motion court dismissed the action as time-barred, finding that the plaintiffs claim accrued when the defendants stopped paying her the increases and that the notice of claim was untimely filed and the action time-barred. In reversing, the appellate court held that the claim accrued when the defendants expressly denied the plaintiff’s request for payment, as a “ ‘petitioner cannot be said to be aggrieved by the mere issuance of a determination when the agency itself has created an ambiguity as to whether or not the determination was intended to be final.’ ” (Id. at 280, quoting Matter ofBiondo v New York State Bd. of Parole, 60 NY2d 832, 834 [1983].)
Thus, even though the defendants in Mitchell breached the stipulation upon failing to pay the plaintiff her salary increases, her claim did not accrue until they expressly told her that they were not going to comply any further with the stipulation. The Mitchell court’s decision thus undermines defendants’ argument here that their breach, if any, occurred when they partially breached the stipulation in 2002 and not in March 2008, when they told plaintiff that they rejected the stipulation.
Defendants’ attempt to distinguish Mitchell on the ground that there the court relied on the last sentence of Education Law § 3813 (1), which provides that a claim for “monies due *659 arising out of contract” accrues “as of the date payment for the amount claimed was denied,” is misplaced. While the plaintiff in Mitchell claimed money damages arising from a contract, the court focused on when her claim could have been deemed denied in order for the claim to have accrued. Nothing in the decision indicates that the holding was limited to actions for money due under a contract and such a restrictive interpretation is contrary to the legislative history of Education Law § 3813 (1). In amending the statute by adding the final sentence, the Legislature sought only to clarify what had theretofore been unclear in certain cases, namely, that a claim for money damages arising from a construction contract accrues when damages become certain, namely, when payment is denied. Prior case law, providing for the same accrual in other cases, was left unaffected. (Sponsors’ Mem in Support, Bill Jacket, L 1992, ch 387, at 5.)
The Mitchell court relied on A.C. Transp. v Board of Educ. of City of N.Y. (253 AD2d 330 [1st Dept 1999], Iv denied 93 NY2d 808 [1999]). There, as here, the plaintiffs’ claim did not arise from money due under a contract. Rather, the plaintiffs provided school bus transportation services to the defendants and a dispute arose concerning the methodology to be used in calculating the compensation owed to the plaintiffs. In a letter sent in June 1992, the defendants told the plaintiffs that they intended to recoup alleged overpayments made to them and to reduce their compensation rates, while also agreeing to review their documentation supporting increased rates. The plaintiffs then filed actions beginning in November 2002 seeking to prohibit the defendants from recouping overpayments and lowering rates, without first filing a notice of claim. Observing that “an administrative action becomes final and binding when it has its impact upon the petitioner who is thereby aggrieved,” the court found that as the defendants’ June 1992 letter left open the possibility that the plaintiffs could keep their increases, there was “no indication that [the defendants] had made a final determination with respect to the amount of the overpayments.” (Id. at 337 [internal quotation marks omitted].) The plaintiffs’ claims had thus never accrued.
Similarly, in Matter of Manhasset Union Free School Dist. v New York State Pub. Empl. Relations Bd. (61 AD3d 1231 [3d Dept 2009]), bus drivers and maintenance personnel employed by the petitioner commenced an action to enforce an order issued by the respondent directing that the petitioner stop outsourcing bus services to private contractors. Earlier, the *660 petitioner had proposed the outsourcing and it solicited bids, but after the bus personnel objected, the parties entered into negotiations in February 2005. The negotiations reached an impasse in April 2005 and the petitioner awarded private contracts for the bus services. The court held that the claim did not accrue in February 2005, given the continuing negotiations, but in April 2005, when the damages became certain. (Accord Zurich Am. Ins. Co. v Ramapo Cent. School Dist., 63 AD3d 729, 731-732 [2d Dept 2009]; Matter of Chanecka, 243 AD2d at 1012; Pope v Hempstead Union Free School Dist. Bd. of Educ., 194 AD2d 654 [2d Dept 1993], lv dismissed 82 NY2d 846 [1993]; Matter of Schimmel v Board of Educ., S. Kortright Cent. School Dist., 111 AD2d 966 [3d Dept 1985]; Morawski v Board of Educ. of Greater Amsterdam School Dist., 85 AD2d 850 [3d Dept 1981], lv denied 57 NY2d 602 [1982]; Scherman v Board of Educ. of School Dist. No. 1, Town of Hempstead, 44 AD2d 831, 832 [2d Dept 1974], affd 37 NY2d 839 [1975]; Troeller v Klein, 2009 NY Slip Op 30832[U] [Sup Ct, NY County 2009]; Jones v Board of Educ. of Watertown City School Dist., 6 Misc 3d 1035[A], 2005 NY Slip Op 50306[U] [Sup Ct, Jefferson County 2005].)
What clearly emerges from these decisions is that a claim does not accrue, and damages do not mature and become ascertainable, until there has been a clear indication, of which plaintiff is aware, that her claim is denied, even if the claim does not arise from monies due under a contract. Here, while defendants persisted from 2002 to 2008 in their failure to comply with the stipulation, there was no deadline for compliance; they could have complied any time. It was not until March 2008, when defendants notified plaintiff’s representative definitively by e-mail that they were not going to comply with the stipulation, that defendants made known to plaintiff their final determination of her claim. Then, and only then, did plaintiffs damages become ascertainable. Accordingly, plaintiffs claim accrued on March 27, 2008 and her notice of claim, filed on June 17, 2008, was timely served pursuant to Education Law § 3813 (1).
Defendants argue that this interpretation of the statute violates public policy, positing that had plaintiff returned to the city school system after 30 years, she might not have learned of defendants’ breach until then and would nonetheless be able to assert her claim 30 years later. However, the same holds true for many claims that do not accrue until some future time. For example, in A.C. Transp., the court held that as the defendants’ *661 letter of June 1992 did not contain a final determination as to whether or not the plaintiffs were entitled to keep any overpayments made to them, the plaintiffs’ claim had still not yet accrued as of January 1999, the date of the court’s decision. (253 AD2d at 337.)
B. Commencement of Action
Education Law § 3813 (2-b) provides that “notwithstanding any other provision of law providing a longer period of time in which to commence an action or special proceeding, no action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose.”
Thus, any action against a board of education or a school district must be brought within one year after the cause of action arises, even if the statute of limitations is longer. And therefore, notwithstanding the six-year statute of limitations for a breach of contract, a breach of contract claim against a board of education or a school district must be brought within one year of the breach. (Oceanside Music, Inc. v Rockville Ctr. Union Free School Dist., 63 AD3d 1024 [2d Dept 2009]; John Grace & Co. v Tunstead, Schechter & Torre, 186 AD2d 15 [1st Dept 1992].)
However, although it is well settled that the limitations period for a cause of action for breach of contract begins to run when the contract is breached (Koren-DiResta Constr. Co. v New York City School Constr. Auth., 293 AD2d 189 [1st Dept 2002]), as noted above (III [A]), a notice of claim pursuant to Education Law § 3813 (1) accrues when damages become ascertainable, and thus, the limitations period for a breach of contract cause of action under the statute begins to run on the same date. Thus, in Mitchell, the claim accrued in May 2002 when the defendants informed the plaintiff that they were not going to comply with the stipulation, and the plaintiffs service of her summons and complaint in April 2003 was held timely. (15 AD3d at 281; Zurich Am. Ins. Co., 63 AD3d 729; A.C. Transp., 253 AD2d at 337; Henry Boeckmann, Jr. & Assoc, v Board of Educ., Hempstead Union Free School Dist. No. 1, 207 AD2d 773, 775 [2d Dept 1994].)
Here, the stipulation was breached in March 2008 when defendants expressly refused to comply with it, as until that point, they could have complied with it and there would have been no breach. (Ill [A].) Consequently, plaintiffs summons and *662 complaint, served on October 7, 2008, were timely filed within the one-year statute of limitations.
IV Conclusion
Accordingly and for all of these reasons, it is hereby ordered that plaintiffs motion for an order granting her summary judgment is granted as to liability and defendants are found liable to plaintiff on her complaint, and the issue of the amount of a judgment to be entered thereon shall be determined at an assessment; it is further ordered that an assessment of damages against defendants is directed; it is further ordered that plaintiff file her note of issue within 45 days of the date of this order; it is further ordered that plaintiff serve a copy of this order with notice of entry on the Clerk of the Trial Support Office (room 158), who is directed, upon the filing of a note of issue and statement of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further ordered that defendants’ cross motion for summary judgment is denied.
[Portions of opinion omitted for purposes of publication.]